UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:13-CV-174-EBA

SHONDRA RENEE OSBORNE,                                                        PLAINTIFF,

V.                                **MEMORANDUM OPINION**
                                          **AND ORDER**

CAROLYN W. COLVIN,
Commissioner of Social Security Administration,                              DEFENDANT.

## I.  INTRODUCTION

Plaintiff, Shondra Renee Osborne, brings this action under 42 U.S.C. § 405(g) to challenge

the Defendant Commissioner's final decision denying her application for Supplemental Security

Income (SSI). [Record No. 16].  This matter has been referred to the undersigned to conduct all

proceedings and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and

Fed.R.Civ. P. 73. [Record No. 14].  Now ripe for decision on the parties' cross-motions for summary

judgment, and for the reasons set forth herein, the Plaintiff's Motion for Summary Judgment [Record

No. 16] shall be denied, the Defendant's Motion for Summary Judgment [Record No. 18] shall be

granted, and Judgment shall be entered affirming the final decision of the Commissioner.

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

On October 17, 2012, the Plaintiff filed an application for supplemental security income benefits. [Tr. 194-99, 211]. In this application, the Plaintiff alleged disability since July 22, 2010. Id. In her Disability Report, Form SSA-3368, the Plaintiff claimed her work ability was limited due to bipolar disorder, anxiety, depression, borderline personality disorder and degenerative disc disease. [Tr. 215-222]. Her claim was denied initially [Tr. 123-126], and on reconsideration [Tr. 83-86]. After denial of her claim, Plaintiff requested a hearing in front of an Administrative Law Judge ("ALJ"). [Tr. 155-157].

On July 23, 2013, a hearing was held before ALJ Michele M. Kelley. [Tr. 27-55]. The Plaintiff testified at the hearing, and was represented by Tina Carson Frederick. [Tr. 27-55]. The ALJ also heard testimony from vocational expert Dwight L. McMillion. [Tr. 27-55]. ALJ Kelley denied Plaintiff's claim for benefits in a written decision dated August 21, 2013. [Tr. 8-26]. In evaluating Plaintiff's claim, the ALJ applied the five-step sequential evaluation process to determine that she was not disabled. *See* 20 C.F.R. §§ 404.1520; 416.920. At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her application for benefits. [Tr. 13]. Next, the ALJ found that the Plaintiff had the following severe impairments: bipolar 1 disorder; borderline personality disorder; polysubstance abuse; mild degenerative disc disease of the lumbar spine; and history of pelvic fracture. [Tr. 13]. At step three, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 15-16].

Before proceeding to the fourth step, the ALJ found that Plaintiff's impairments left her with the residual functional capacity ("RFC") to perform a limited range of medium work as defined by

the Regulations. [Tr. 16-17]. Specifically, with respect to her physical limitations, the ALJ described Plaintiff's residual functional capacity as follows:

> Claimant has the residual functional capacity to perform less than a full range of medium work as defined in 20 CFR 416.967(c). She can lift and carry, push and pull 25 pounds frequently and 50 pounds occasionally. She needs to avoid concentrated exposure to vibrations. She can understand, remember, and carry out simple tasks that require 30 days or less to learn and are at specific vocational preparation of two or less and reasoning level of two or less. She can make simple work related decisions and tolerate minimal variation in two-hour segments (between one-sixth and one-third of the workday). She can tolerate only superficial interaction with supervisors and coworkers and only occasional superficial interaction with the public. She can adapt adequately to situational conditions and changes with reasonable support and structure.

[Tr. 16-17].

The fourth step of the analysis is to determine whether the Plaintiff's residual functional capacity would allow her to perform the requirements of her past relevant work. The ALJ determined that the Plaintiff was unable to perform any past relevant work. [Tr. 21]. At the fifth and final step, relying on the testimony of the Vocational Expert ("VE") and taking into consideration Plaintiff's age, educational background, past relevant work experience, and residual functional capacity, the ALJ must determine whether the Plaintiff is capable of making a successful adjustment to work existing in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.159(a); 416.969(a). Based on the testimony of the Vocational Expert, the ALJ held that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy . . . ." [Tr. 21]. Based on these findings, the ALJ determined that the Plaintiff was not under a "disability" as defined by the Social Security Act. [Tr. 21-22].

Following the adverse decision of the ALJ, the Plaintiff properly exhausted her administrative remedies by appealing to the Social Security Appeals Council. [Tr. 5-7]. The Appeals Council denied the Plaintiff's request for review. [Tr. 1-4]. On December 8, 2013, Plaintiff initiated the present action by filing her Complaint in the United States District Court for the Eastern District of Kentucky. [Record No. 2]. In her Motion for Summary Judgment, the Plaintiff argues for the reversal of the ALJ's decision based on the Commissioner's failure to properly weigh the findings of examining psychologists Dr. William Rigby and Dr. Leigh Ann Ford. [Record No. 16-1]. The Plaintiff also claims that the ALJ did not properly support her decision with substantial evidence. [Record No. 16-1]. The Commissioner responds that the ALJ's decision should be affirmed, as it was reached properly considering the opinions from all medical sources and that the decision to discredit the Plaintiff's allegations of disabling limitations was supported by substantial evidence. [Record No. 18]. Following briefing, this matter was referred to the undersigned, upon consent of the parties for all proceedings. [Record No. 14].

### III . STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a reviewing court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) (citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993) (citations omitted).

The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (citations omitted). The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth, 402 F.3d at 595 (citations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir.1994) (citations omitted).

## A.    The ALJ properly weighed the opinions of the examining psychologists.

It is important to note, that neither the Plaintiff nor the Defendant allege that the "treating physician rule" should apply to the findings of Dr. William Rigby and Dr. Leigh Ann Ford. [Record No. 16-1]; *See* 20 C.F.R. § 404.1527(d)(2). In fact, it is not the treating physician rule that governs, as both doctors are examining physicians. Plaintiff argues that the ALJ should have given more weight to the findings provided by Dr. Rigby and Dr. Ford. [Record No. 16-1]. Therefore, the plaintiff bears the burden on appeal to the district court to show that the administrative decision was in error. Scharlow v. Schweiker, 655 F.2d 645, 648 (5th Cir. 1981); Brooks v. Sullivan, 766 F.Supp. 584, 588 (N.D. Ill. 1991). This burden on appeal stems from the overall burden plaintiff bears to prove disability at all stages of the administrative proceedings.

Scharlow, 655 F.2d at 648; Brooks, 766 F.Supp. 588; *See* 20 C.F.R. 404.1512(a)(c); *See also* 42 U.S.C. 405(g). Because plaintiff bears the burden on appeal to show that the administrative decision was erroneous, general allegations of error will not support a claim that an ALJ's decision is unsupported by substantial evidence. Pugh v. Secretary of Health, Education and Welfare, 448 F.Supp. 37, 41 (D. Kan. 1978).

In this case, the Plaintiff fails to prove that the ALJ improperly weighed the opinions of the examining physicians. The Plaintiff's blanket assertions that the ALJ's decision to discredit aspects of the doctors' findings are insufficient to show that the ALJ's decision was in error. It is important to note that the fact that a doctor was an examining doctor is only one of many factors that an ALJ considers when weighing a doctor's opinion. *See* 20 C.F.R. § 416.927(c). An ALJ also considers factors such as whether the doctor treated the claimant, the evidence the doctor presents to support his/her opinion, whether the doctor's opinion is consistent with the record as a whole and the doctor's specialty. Id. An ALJ may discount a doctor's opinion when the doctor's findings are not supported by objective medical evidence or are inconsistent with the record as a whole. *See* 20 C.F.R. § 416.927(c); Walters v. Comm'r Soc. Sec, 127 F.3d 525, 529-530 (6th Cir. 1997). "Furthermore, an ALJ's findings based on the credibility of the applicant are to be accorded *great weight and deference*, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Id. at 531 (emphasis added); *See* Villarreal v. Secretary of Health and Human Servs., 818 F.2d 461, 463 (6th Cir.1987).

Upon review of the record, the ALJ noted that Dr. Rigby found that the Plaintiff did not have an impairment regarding her ability to understand, remember, and follow simple instructions. [Tr. 20]. Dr. Rigby also found that the Plaintiff had no impairment regarding her

ability to sustain, concentrate, and complete tasks in normal time including an ability to maintain social interactions with supervisors, friends, and the public. [Tr. 20]. Not only did the ALJ properly factor in Dr. Rigby's findings, but the ALJ "afford[ed] great weight to Dr. Rigby's findings of no impairment in Ms. Osborne's ability to follow simple instructions and sustain concentration, as the evidence does not support limitations in those areas." [Tr. 20]. In regard to Dr. Rigby's findings that the Plaintiff had "extreme limitations," the ALJ found that these findings were wholly based on the claimant's subjective complaints and were inconsistent with the record as a whole. [Tr. 20]. In reaching this decision, the ALJ noted the testimony of the claimant, her appearance and demeanor at the hearing, and the portions of the record which supported the notion that the Plaintiff was able to sustain interpersonal relationships such as with her mother, daughter, and boyfriend. [Tr. 20].

The ALJ also found that Dr. Ford's conclusions that the Plaintiff would have had difficulty maintaining full time employment and experienced an inability to relate to coworkers or the public in general were "not supported by the evidence of [the] record and appear[ed] to be based solely on the subjective reports of the claimant." [Tr. 20]. These findings by the ALJ were based on both the evidence presented at the hearing, the opinions of other evaluating physicians, and the ALJ's observations made at the hearing. [Tr. 20]. Therefore the ALJ's decision to afford less weight to the evaluating physicians' findings was properly based on the ALJ's observations at the hearing and the record as a whole.

B.     The ALJ's findings were supported by substantial evidence.

Throughout the five-step disability evaluation process, the ALJ  is charged with the duty to weigh evidence, resolve material conflicts in testimony, and determine the case accordingly.

*See* Richardson v. Perales, 402 U.S. 389, 399 (1971). "The Commissioner has elected to impose certain standards on the treatment of medical source evidence." Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 375-381 (6th Cir. 2013)(quoting Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011)). Set forth in administrative regulations, these standards describe "(1) the various types of evidence that the Commissioner will consider, 20 C.F.R. § 404.1512; (2) who can provide evidence to establish an impairment, 20 C.F.R. § 404.1513; and (3) how that evidence will be evaluated, 20 C.F.R. § 404.1520b." Gayheart, 710 F.3d at 375. Medical opinions are to be weighed by the process set forth in 20 C.F.R. § 404.1527(c).

In his written decision, the ALJ found that the objective medical evidence supplied on the record failed to support the full extent of the claimant's contentions. [Tr. 17-18]. As the Sixth Circuit requires, the ALJ assessed the credibility of the evidence in regard to each of the Plaintiff's claims, starting with the claim of disability based on her mental disorders. [Tr. 18]. The ALJ found that there was a history of inconsistent mental health treatment, which the Plaintiff claimed was due to her inability to pay the nominal three to four dollar doctor visits. [Tr. 18]. However, in the interim, "the undersigned notes that Ms. Osborne continues to finance a half pack of cigarettes a day habit for the last 25 years" [Tr. 18].

The ALJ also found that the Plaintiff did not remain in treatment for her mental health issues and chose to repeatedly disregard the recommendations of her mental health physicians. [Tr. 18]. In addition, though the Plaintiff claimed she attempted suicide on multiple occasions, these attempts were directly linked to relationship troubles and for the most part occurred with drug and alcohol use. [Tr. 18]. The ALJ also found that the Plaintiff had no trouble bathing or dressing, was able to prepare meals, care for her dog, complete household chores, read the entire

*Twilight* series of books, and spent time with her boyfriend, mother, daughter and friends. [Tr. 18].

The ALJ also found that the record did not support a finding that the Plaintiff was disabled based on her back pain. During her hearing, the Plaintiff testified that she suffered from constant lower back pain and that treatment provided her with only mild benefits. [Tr. 19]. However, the ALJ found that diagnostic evidence of the lumbar spine revealed only mild to moderate findings and that the record demonstrated no evidence of prescribed treatment or abnormal clinical findings.

These written findings are sufficient to show that the ALJ's decision to deny the Plaintiff's claim for disability was supported by substantial evidence. The ALJ adequately considered the objective medical evidence as required by the Sixth Circuit and supported her decision with substantial evidence. In her written decision, the ALJ noted conflicting objective medical evidence, considered the Plaintiff's testimony at the hearing, and reviewed the record in a light most favorable to the Plaintiff. The Plaintiff has not provided evidence that would contradict the ALJ's findings. As the Plaintiff has failed in her burden of presenting colorful claims of error, the undersigned finds that her motion for summary judgment be denied.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that the Plaintiff's Motion for Summary Judgment [Record No. 16] be DENIED, the Defendant Commissioner's Motion for Summary Judgment [Record No. 18] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Signed June 3, 2014.



Signed By:

*Edward B. Atkins* EBA

United States Magistrate Judge

9